THE STATE OF NEW JERSEY, PLAINTIFF, v. ALLEN JOSEPHS, DEFENDANT.

Bergen County Court
Law Division

Decided June 13, 1962.

Mr. *John K. Walsh*, Special Assistant Prosecutor, for plaintiff (Mr. *Guy W. Calissi*, Bergen County Prosecutor, attorney).

Mr. *Louis Santorf* argued the cause for defendant.

G. H. Brown, J. C. C. ■ The defendant moves to quash an indictment charging him with two counts of larceny. Prior to the grand jury action the defendant was arraigned in the municipal court of Fair Lawn on complaints alleging the same crimes. The indictment was returned three days before the date set by the magistrate for trial.

It is uncontroverted that the municipal court had jurisdiction over the defendant and the alleged offenses pursuant to *N. J. S.* 2A:8–22 because the defendant had duly waived indictment and trial by jury.

On this motion the defendant takes the position that the indictment must be quashed because the competent jurisdiction of the municipal court became fixed on these facts— no other court of concurrent jurisdiction should be permitted to interfere therewith.

The reason asserted for the inviolability of the municipal court jurisdiction is not that it has been defined to be exclusive or paramount. Instead, it is argued that because such jurisdiction has been made concurrent with that of the Superior or County Court, the latter should defer thereto.

No New Jersey authority has been discovered by counsel or by the court in which such a rule of comity has been applied in a criminal action. But there is a body of decisional law in other jurisdictions to annotate the following principle in such a case:

"* * * when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues subject only to the appellate authority, until the matter is finally and completely disposed of, and * * * no court of co-ordinate authority is at liberty to interfere with its action." 14 *Am. Jur., Courts*, sec. 243.

In the light of this recognized proposition of law, the defendant asks, in his brief, whether the present court:

"* * * now has the right to nullify the mandate of the people and the legislative enactments, and to deprive the Municipal Court of Fair Lawn of its proper jurisdiction."

That question does not frame the essential issue. It is not a matter of whether this court should or should not thwart the power of another tribunal. Involved here is not a tug-of-war between courts. The conflict is between the defendant and the grand jury. He seeks to have this court adjudicate that the position he has taken in the municipal court has made him immune to indictment. The issue is whether or not he is correct in that contention.

The crucial events in the fact context of this issue were the acts of waiving indictment and trial by jury, according to defendant's reasoning. Trial in any forum except the municipal court was allegedly foreclosed when those steps were taken. It is one thing to attribute significance to such actions of the defendant in terms of orderly and desirable procedure between co-ordinate courts. It is quite another to insist that they set up an obstacle to the reach of the Bergen County grand jury. Nothing the defendant has advanced in the way of precedent lays the foundation for such a conclusion.

Perhaps mere submission to the competent jurisdiction of a local court for the summary trial of complaints ought to terminate the right of the grand jury to act in the area of a pending charge. Nevertheless, no legislative or judicial command orders this result in New Jersey.

In the Fair Lawn prosecution the defendant waived the constitutional privilege to be tried on a grand jury indictment. In doing so he surrendered a personal right. *Edwards v. State*, 45 *N. J. L.* 419 (*Sup. Ct.* 1883). His intent obviously was to secure a compensating personal benefit—a summary trial. But the total consequence of the waiver of indictment was limited to an area of the defendant's personal concern. It could have no wider effect. There is no reason why the unilateral action of an accused in choosing between alternative modes of trial should impair the adversary interest of the State.

Such a result does not follow when a defendant waives trial by jury on an indictment. He has the constitutional

right to such a trial. If he abandons that right he does not secure a resulting right to trial by the court. The provisions of *R. R.* 3:7–1(a) make trial without a jury depend upon approval of the court and consent of the State. The New Jersey rule is a counterpart of Federal Criminal Rule 23(a), 18 *U. S. C. A.* which has been interpreted to mean that there is a transcendent consideration which is unaffected by a defendant's action in this particular. Thus, the United States Supreme Court said in *Patton v. United States,* (1930) 281 *U. S.* 276. 50 *S. Ct.* 253, 74 *L. Ed.* 854 (1930):

"* * * the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had * * *."

The gist of the defendant's argument is that the surrender of a right to indictment produces a right not to be indicted. In the absence of New Jersey authority so circumscribing the power of the grand jury, I must hold that there was no impediment to its action here.

The motion to quash the indictment is therefore denied.